# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS SEAN BODWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-CV-2966-SPM |
| | ) | |
| MARY VATTEROTT HASTINGS and | ) | |
| JULIA CHILDREY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Louis Sean Bodway, an inmate at Farmington Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. (ECF No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $30.81. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's claims against defendants Mary Vatterott Hastings and Julia Childrey in both their individual and official capacities.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his certified inmate account statement.  (ECF No. 4).  A review of plaintiff's account indicates an average monthly deposit of $154.07 and an average monthly balance of $14.35.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $30.81, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

On October 20, 2017, plaintiff filed an action in this Court pursuant to 42 U.S.C. § 1983 against Julia Childress, Susan Hastings, M.D., and three other defendants in their individual capacities.  *Bodway v. Hastings, et al.*, 4:17-cv-2614-SPM (E.D. Mo. Oct. 20, 2017) (hereinafter "*Bodway I*").  At all times relevant to the complaint, plaintiff was an inmate at the St. Louis County Justice Center ("SLCJC").

In *Bodway I*, plaintiff alleged that he suffered from various medical issues, including sciatica, a MRSA staph infection, and Hepatitis.  Counts I and II of plaintiff's complaint alleged that Dr. Susan Hastings violated his constitutional rights in September of 2017 when she refused to give him intravenous Vancomycin for a MRSA staph infection as he requested, opting instead to monitor the infection and supplement his diet.  Plaintiff alleged that Dr. Susan Hastings refused to provide him with antibiotics after she cultured a wound on his leg because she said it was "a waste of time and money."  Plaintiff claimed that, by not curing his infection, she put him at risk of endocarditis.  Plaintiff stated that non-party Dr. Boudreau provided a "strong recommendation" to Dr. Susan Hastings that his staph infection be treated, which she ignored.  Plaintiff alleged that Dr. Susan Hastings refused to give him pain medication as he requested.   Plaintiff further alleged that Julia Childress, as a supervisor, was responsible for the actions of Dr. Susan Hastings under

the doctrine of respondeat superior.  Count III of plaintiff's complaint alleged that unidentified "infirmary staff" delayed him dental treatment.  Count IV alleged he was placed on secure move status in violation of his due process rights.  Count V alleged that the diet he received was nutritionally inadequate.

The Court reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and determined that he improperly joined into a single lawsuit a multitude of claims against different defendants related to events arising out of separate occurrences or transactions.  *Bodway I*, 2017 WL 6316837, at *2 (E.D. Mo. Dec. 11, 2017).  Because plaintiff was a self-represented litigant, the Court directed him to file an amended complaint and instructed him to select the transaction or occurrence he wished to pursue and to limit the facts and allegations to the relevant defendant(s).  *Id.* at *3.  In response to the Court's Order, plaintiff filed a document titled "Acknowledgement and Objection to Order and Memo of 12/11/17," which stated his refusal to file an amended complaint.

Subsequent to plaintiff's refusal to file an amended complaint, the Court determined to review plaintiff's denial of medical care claims (Count I and II) under 28 U.S.C. § 1915(e)(2) against two of the named defendant doctors, which included his claim against Dr. Susan Hastings. The Court severed plaintiff's unrelated remaining claims against the other three named defendants, which included his claim against Julia Childress, and dismissed them without prejudice.  *See Bodway I*, 2018 WL 902201 (E.D. Mo. Feb. 15, 2018).  The Court advised plaintiff that he could pursue the severed and dismissed claims in a separate action or actions.

Additionally, upon § 1915 review of Count I and II of the complaint, the Court determined that plaintiff failed to demonstrate that Dr. Susan Hastings deliberately disregarded his objectively serious medical needs.  The Court stated, in part:

> Assuming that plaintiff has established that he suffered from an objectively serious medical need, he has not demonstrated that Drs. Hastings or Bella deliberately disregarded that need. Instead, a reading of the complaint demonstrates that Dr. Hastings repeatedly saw plaintiff for medical evaluation, performed testing to

> determine the proper course of treatment, noted that the infection had been present for months, considered plaintiff's complaints of pain, and exercised her independent medical judgment regarding the best way to address the infection and manage plaintiff's pain. . . . Taken as a whole, plaintiff's complaint reflects only plaintiff's disagreement with Drs. Hastings and Bella's treatment decisions, his belief he would receive better care elsewhere, or, at most, that Drs. Hastings and/or Bella committed medical malpractice. Such allegations do not establish a constitutional violation. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) ("a mere disagreement with treatment decisions does not rise to the level of a constitutional violation"); *Long v. Nix*, 86 F.3d 761, 765–66 (8th Cir. 1996) (internal citations omitted) ("Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment"); *Estelle*, 429 U.S. at 106 (medical malpractice does not amount to a claim of constitutional dimension "merely because the victim is a prisoner").

*Id.* at *4.  The Court also found that plaintiff's claims against Dr. Susan Hastings were brought with a malicious intent.  *Id.* at 5 ("plaintiff refers to Dr. Hastings using disrespectful and abusive language, and the primary relief he seeks is for Dr. Hastings to be fired or suspended without pay and subjected to criminal prosecution.").  For the above stated reasons, Court dismissed plaintiff's deliberate indifference claim against Dr. Susan Hastings under § 1915.

## The Complaint

Plaintiff brings this instant action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights for failure to provide him with medical treatment while he was incarcerated at SLCJC. ECF No. 1.  He names as defendants Mary Vatterott Hastings, M.D. (Corizon Medical Director) and Julia Childrey (SLCJC Director).  He sues both defendants in their individual and official capacities.

As a preliminary matter, the Court notes that plaintiff's claims against Dr. Mary Hastings in this action are identical to the claims he brought against Dr. Susan Hastings in *Bodway I*, which reasonably leads the Court to determine that Dr. Mary Hastings and Dr. Susan Hastings are the same individual.  Similarly, plaintiff's claims against Julia Childrey in this action are almost

identical to the claims he brought against Julia Childress in *Bodway I*, which, again, leads the Court to determine that they too are the same individual.

Similar to *Bodway I*, plaintiff alleges that he suffers from sciatica, a MRSA staph infection, and Hepatitis B and C.  Plaintiff alleges that Dr. Mary Hastings "refused [him] any and all treatment."  Just as plaintiff alleged against Dr. Susan Hastings in *Bodway I*, plaintiff alleges here that Dr. Mary Hastings refused to provide him with antibiotics after she cultured a wound on his leg and told him that antibiotics was "a waste of time and money."  Like in *Bodway I*, he also alleges she failed to provide him with an unidentified pain medication and that, by not curing his infection, she put him at risk of endocarditis.  Plaintiff states that non-party Dr. Boudreau provided an "urgent instruction" to Dr. Mary Hastings that his staph infection be treated, which Dr. Mary Hastings ignored.  Dr. Boudreau was the surgeon who implanted a rod in his leg.  Plaintiff alleges that Julia Childrey is a jail supervisor and he "made numerous pleas" to her "both in writing and verbally," which were ignored.

Plaintiff seeks an unstated amount of compensatory and punitive damages.

## Discussion

### A.  Defendant Dr. Mary Hastings

#### 1.  Res Judicata

Res judicata, or claim preclusion, applies against parties who participated in prior proceedings and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect."  *Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 731 (8th Cir. 2004). Under claim preclusion, a final judgment bars any subsequent suit where "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action."  *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998).

The Eighth Circuit interprets the phrase "the same claims or causes of action" to mean claims that arise out of the same nucleus of operative facts. *Banks v. International Union EETSM Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004) (noting the court adopted the position of the Restatement (Second) of Judgments, § 24).

In *Bodway I* plaintiff brought a deliberate indifference claim against a defendant named Dr. Susan Hastings.  In the instant lawsuit, plaintiff brings a deliberate indifference claim against a defendant named Dr. Mary Hastings.  Despite their different first names, the Court understands them to be the same person.  In *Bodway I* and in the instant case, plaintiff offers identical factual allegations against them related to the same timeframe.  For example, both complaints allege that a doctor with the last name Hastings was his treating physician, took a culture of his leg, and told him that prescribing him antibiotics would be "a waste of time and money" despite non-party Dr. Boudreau's strong recommendation that his staph infection should be treated.  Other than providing the Hastings defendants with different first names, plaintiff has not provided any facts or allegations to show that Dr. Susan Hastings and Dr. Mary Hastings are not the same individual. *Bodway I* was a final judgment on the merits and dismissed plaintiff's claims against Dr. Hastings for the same claims he brings in the instant lawsuit.  As a result, claim preclusion bars plaintiff from pursuing his instant claims against Dr. Mary Hastings for treatment of his Hepatitis C in 2017.

### 2.  Official Capacity Claim

Even if the instant complaint could be liberally construed to allege that Dr. Mary Hastings is not Dr. Susan Hastings from *Bodway I*, and his claims against her are not barred by res judicata, plaintiff fails to set forth sufficient facts to state a claim against Dr. Mary Hastings in her official or individual capacity.

An official capacity claim against an individual is actually a claim against the individual's employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that a "suit against a public employee in his or her official capacity is merely a suit against the public employer").  Plaintiff alleges Dr. Mary Hastings is employed by Corizon as a Medical Director. Corizon is a private entity that contracts with the Missouri Department of Corrections to provide healthcare services to inmates.  Thus, his official capacity claim is against Corizon itself.

"A corporation acting under color of state law cannot be liable on a *respondeat superior* theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007).  Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

Here, plaintiff has not presented any facts that he suffered his alleged injury due to a "policy, custom, or official action" on the part of Corizon. Therefore, plaintiff's official capacity claim against Dr. Mary Hastings must be dismissed.

### 3.  Individual Capacity Claim

As to his individual capacity claim against Dr. Mary Hastings, plaintiff alleges she denied him antibiotics because she believed it was a waste of money and declined to take the advice of plaintiff's surgeon regarding how she should treat his MRSA staph infection.  Plaintiff also alleges she denied him an unidentified pain medication that he requested.

A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Alberson v. Norris*, 458 F.3d 762, 765-66 (8th Cir. 2006). A prima facie case alleging deliberate indifference requires the

inmate-plaintiff to demonstrate that he suffered from an objectively serious medical need and the "prison officials actually knew of but deliberately disregarded" that need. *Id.* For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Showing medical malpractice is not enough: "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment." *Estelle*, 429 U.S. at 106.

In the instant action, plaintiff does not claim that Dr. Mary Hastings refused to see him or monitor his condition. To the contrary, plaintiff only takes issue with her decision not to provide him with antibiotics or pain medication. Thus, plaintiff has only alleged facts to show a mere disagreement with the treatment decisions of Dr. Mary Hastings or, at minimum, negligence, which does not rise to the level of a constitutional violation.

Thus, liberally construing the complaint, plaintiff's allegations against Dr. Mary Hastings will be dismissed under claim preclusion and pursuant to § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

## B. Defendant Julia Childrey

### 1. Official Capacity Claim

Plaintiff's official capacity claim must be dismissed against Julia Childrey because he has not asserted a claim of municipal liability against the City of St. Louis. As stated above, in an official capacity claim against an individual, the claim is actually against the governmental entity itself. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining

that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Plaintiff alleges that Childrey is employed by the SLCJC. As such, a suit against her in her official capacity is actually a suit against the City of St. Louis, her employer. A local governing body such as the City of St. Louis can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

In his complaint, plaintiff does not allege any facts that support the proposition that he was denied medical treatment due to an unconstitutional policy or custom on the part of the City of St. Louis. Furthermore, he does not allege that any deliberate indifference to his medical needs was the result of the City's failure to train or supervise its employees. Therefore, plaintiff has not stated a municipal liability claim. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged

deprivation of plaintiff's rights). For this reason, plaintiff's official capacity claims must be dismissed against Julia Childrey.

### 2.  Individual Capacity Claim

Plaintiff's individual capacity claim must also be dismissed against Julia Childrey. Plaintiff alleges she is the Director of SLCJC and the supervisor of Dr. Mary Hastings. Plaintiff does not allege that Childrey personally denied him medical treatment, or does he allege she personally participated in any violation of plaintiff's constitutional rights.  To state a claim under § 1983, plaintiff must plead that each defendant "personally violated [his] constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676).  It is well established that the doctrine of *respondeat superior* does not apply in § 1983 suits.  *See Iqbal*, 556 U.S. at 676; *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) ("supervisors . . . cannot be held vicariously liable under § 1983 for the actions of a subordinate"); *Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; he cannot be held liable for the outcome of the process); and *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).  Additionally, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).  For these reasons, the Court will dismiss plaintiff's individual capacity claim against Childrey.

To the extent plaintiff attempts to allege a claim against Childrey for not granting his grievance requests, such an allegation does not state a claim of a constitutional violation.  Plaintiff states he "made numerous pleas to Ms. Childrey both in writing and verbally" and "exhausted her grievance procedure."  To state a cognizable claim under § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or

immunity secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). "There is no federal constitutional right to a prison grievance procedure, and neither a state law nor a state policy creates one." *Poe v. Corizon Health*, 2019 WL 186660, at *4 (E.D. Mo. Jan. 14, 2019). Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (the grievance procedure is a procedural right only and confers no substantive right on an inmate). Thus, an allegation that Childrey violated his constitutional rights by denying his grievance requests for additional medical treatment is not cognizable.

Thus, liberally construing the complaint, plaintiff's allegations against Julia Childrey will be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

### Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 2). The motion will be denied as moot as this action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $30.81 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 29th day of June, 2020.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE